UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF PRO-SYS CONSULTANTS | Case No.  16-mc-80117-DMR<br><br>**ORDER GRANTING REQUEST FOR AN ORDER TO CONDUCT DISCOVERY FOR USE IN A FOREIGN LEGAL PROCEEDING PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: Dkt. No. 1 |

Applicants Pro-Sys Consultants and Neil Godfrey (together, "Applicants") filed an *ex parte* application seeking permission to issue a deposition subpoena pursuant to 28 U.S.C. § 1782 to obtain testimony for use in a proceeding before the Supreme Court of British Columbia, Canada. Ex Parte Application ("Application") [Docket No. 1]. Having considered the Applicants' request and the relevant legal authority, the court grants the application.

**I.     BACKGROUND**

Applicants are plaintiffs in a certified class action now pending in the Supreme Court of British Columbia, Vancouver Registry, Canada (the "Canadian Court"). In *Pro-Sys Consultants and Neil Godfrey v. Microsoft Corp. and Microsoft Canada Co./Microsoft Canada CIE*, No. LO43175 (the "Canadian Action"), Applicants allege that Microsoft engaged in anticompetitive conduct globally with respect to the markets for operating systems, middleware, and applications software from 1988 to the present. Declaration of Robert J. Gralewski, Jr. [Docket No. 2], Ex. A (Fifth Further Amended Statement of Claim). Microsoft denies the allegations. Gralewski Decl. ¶ 3, Ex. B (Statement of Defence). In connection with the Canadian Action, Applicants seek to subpoena Louis John Doerr III, who is a technology venture capitalist at the firm of Kleiner Perkins Caufield & Byers ("KPCB"), and a former board member of Netscape. Gralewski Decl. ¶¶ 4-6, Ex. C, Ex. D at 1, E at 18.  Applicants contend that Mr. Doerr possesses first-hand

knowledge of Microsoft's conduct in attempting to halt Netscape's success as a web browser and prevent it from growing into a full-blown platform for applications that could minimize the role of Microsoft's dominant operation system software, Windows. Application ¶ 3.

In support of this assertion, Applicants rely on a 2000 article published in Wired Magazine, referencing Mr. Doerr and an email he received from John Lazarus in or around 1995. Application ¶ 3; Ex. E at 5, 17-18. Based on this information, counsel for Applicants avers that he "believe[s] in good faith that testimony from Mr. Doerr will assist Applicants in proving the allegations against Microsoft regarding its anticompetitive conduct in relevant software products markets." Gralewski Decl. ¶ 11.

Applicants ask this court to appoint Plaintiffs' counsel Robert J. Gralewski, Jr. as Commissioner pursuant to section 1782, and authorize him to issue a subpoena on Mr. Doerr for deposition testimony and production of documents for use in the Canadian Action. *Id.* at ¶ 4. There is no indication that Mr. Doerr is aware of or takes any position on the pending application.

## II. LEGAL STANDARD

Applicants seek discovery pursuant to 28 U.S.C. § 1782, which states as follows:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court . . . . To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a). The purpose of section 1782 is "to provide federal-court assistance in the gathering of evidence for use in a foreign tribunal." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004); *see also Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84 (2d Cir. 2004) (noting that section 1782 has the "twin aims" of "providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts") (citation and quotations omitted).

A district court is authorized to grant a section 1782 application where (1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a "foreign or international tribunal," and (3) the application is made by the foreign or international tribunal or "any interested person." 28 U.S.C. § 1782(a); *see also Intel*, 542 U.S. at 246-47; *In re Republic of Equador*, No. C-10-80255-CRB (EMC), 2010 WL 3702427 at *2 (N.D. Cal. Sept. 15, 2010).

"However, simply because a court has the authority under § 1782 to grant an application does not mean that it is required to do so." *In re Republic of Equador*, 2010 WL 3702427 at *2 (citing *Intel*, 542 U.S. at 264). The Supreme Court has identified several discretionary factors that a court should take into consideration in ruling on a Section 1782 request: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65.

### III.   ANALYSIS

#### A.   Authority to Issue Subpoena

The court has reviewed Applicants' request and determines that the statutory requirements of section 1782 have been satisfied. First, Mr. Doerr appears to reside in this district in Woodside, California. Gralewski Decl. ¶¶ 5, 7-9, Exs. D, F-H. Second, the requested discovery is for use in a Canadian lawsuit, which is a proceeding before a foreign tribunal. Finally, Applicants qualify as "interested persons" because they are parties to the foreign proceeding. Gralewski Decl. ¶ 2.

#### B.   Discretionary Factors

Having concluded that it has the authority to issue the subpoena, the court turns to the question of whether the discretionary facts identified by the Supreme Court weigh in favor of or against issuance of the subpoena.

With respect to the first discretionary factor, the Supreme Court has noted that "when the

3

person from whom discovery is sought is a participant in the foreign proceeding . . . , the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence. In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264 (internal quotations and citations omitted). Here, Mr. Doerr lives in this district, and is not a party to the Canadian lawsuit; thus, this factor weighs in Applicants' favor. Application ¶ 3; Gralewski Decl. ¶ 2.

As to the second factor, the Canadian Court has issued an Order indicating that it is receptive to the assistance of United States District Courts through the exercise of section 1782. Gralewski Decl. ¶ 10; Ex. I (March 3, 2016 Order of the Canadian Court) ¶ 29 ("[I]t is, of course, up [to] the U.S. Courts to determine the plaintiffs' ability to conduct the Rule 1782 depositions."); ¶¶ 26-27 ("plaintiffs are not required to obtain the leave of this Court to seek or conduct the Rule 1782 depositions."). Accordingly, this favor also weighs in Applicants' favor.

With respect to the third discretionary factor, there is nothing to suggest that Applicants are attempting to circumvent foreign proof-gathering restrictions. Indeed, Mr. Doerr is not a party to the Canadian lawsuit and beyond its jurisdictional reach. As noted above, the Canadian Court has stated its receptivity to the use of section 1782 to procure deposition testimony. This factor also weighs in Applicants' favor.

Finally, the discovery sought does not appear to be unduly burdensome. The proposed subpoena includes a description of deposition topics relating to Mr. Doerr's role as a venture capitalist at KPCB, including investment in Netscape, his membership on and experiences associated with the board of Netscape, knowledge of web browsers as application platforms, including Netscape Navigator, and how that technology competes with operating system software such as Microsoft Windows. Gralewski Decl. ¶ 12, Ex. J (Appendix).

Applicants' proposed request for documents is also tailored. Specifically, they request that Mr. Doerr produce a specific email that he received in or around 1995 from John Lazarus that was

4

referenced in the Wired Magazine article, as well as all emails preceding or following the email, and any other documents associated with the email. Ex. E at 18; Ex. J. Given the specificity of the request, the search for responsive documents should not be unduly burdensome.

Of course, these findings do not preclude Mr. Doerr from contesting the subpoena based on undue intrusion, burden, overbreadth, or other grounds. *See In re Republic of Equador*, 2010 WL 3702427 at *2 & *5 (noting that ex parte applications under Section 1782 are "typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery" and to contest the subpoena "based on undue intrusion or burden or based on other grounds (*e.g.*, overbreadth)")(citations omitted). The Ninth Circuit has held that applications for subpoenas pursuant to section 1782 may be filed ex parte because "[t]he witnesses can . . . raise[ ] objections and exercise[ ] their due process rights by motions to quash the subpoenas." *In re Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir. 1976). Mr. Doerr shall therefore have thirty (30) calendar days after the service of the subpoena to contest it. The return date on the subpoena must be set at least 30 days after service.

## IV.   CONCLUSION

For the reasons described above, the Court grants Applicants' ex parte application. Applicants may serve a finalized version of the subpoena attached as Exhibit J to the Application, which must include a return date at least thirty days after service to allow Mr. Doerr to contest the subpoena if he desires. If Mr. Doerr files a motion to quash, this action shall automatically be reopened.

This order resolves Docket Number 1. The Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated: June 21, 2016

Donna M. Ryu
United States Magistrate Judge

5