UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF PRO-SYS CONSULTANTS,<br><br>Defendant. | Case No. 16-mc-80117-DMR<br><br>**ORDER DENYING WITHOUT PREJUDICE JOHN DOERR'S MOTION TO QUASH SUBPOENA AND DENYING AS MOOT JOHN DOERR'S MOTION TO STRIKE SUR-REPLY**<br><br>Re: Dkt. Nos. 10, 23, 25 |

Applicants Pro-Sys Consultants and Neil Godfrey (collectively "Applicants") filed an *ex parte* application seeking permission to issue a deposition subpoena pursuant to 28 U.S.C. § 1782 to obtain testimony from John Doerr for use in *Pro-Sys Consultants and Neil Godfrey v. Microsoft Corp. and Microsoft Canada Co./Microsoft Canada CIE*, No. LO 43175. [Docket No. 1]. This court granted Applicants' *ex parte* application, but ordered that Mr. Doerr be provided at least thirty days to contest the subpoena. [Docket No. 5].

Mr. Doerr subsequently filed a motion to quash the subpoena. [Docket No. 10].

On September 19, 2016, Justice E.M. Myers of the Supreme Court of British Columbia issued the following ruling:

> [I]f the plaintiffs intend on doing the § 1782 deposition[] of . . . Doerr for the purpose of [its] introduction as evidence at trial, they ought to apply to me in advance of conducting the deposition[], otherwise the evidence is not admissible. To be direct, the U.S. courts should not be under the impression that I would be receptive to the evidence being introduced at trial.
>
> To the extent the plaintiffs wish to and are entitled by the U.S. courts to conduct the § 1782 deposition[] as a rough equivalent of interviewing a witness under compulsion in order to obtain information to assist in cross-examination of other witnesses or case preparation in general, [the Court has] no comment other than to say that [it is] not prepared to require [Plaintiffs] to obtain this Court's authorisation.

*Pro-Sys Consultants Ltd v. Microsoft Corp.*, 2016 BCSC 1713 at ¶¶ 10-11 [Docket No. 22-1].

Given Justice Myers' ruling, the court instructed Applicants to provide certain information

regarding the Canadian action. [Docket No. 26]. Applicants responded by stating that they intend to file an application to the Canadian Court for leave to take Mr. Doerr's deposition on or before October 11, 2016, and that they will seek to use Mr. Doerr's deposition testimony for the "purpose of [its] introduction as evidence at trial," as well as to "assist in cross-examination of other witnesses or case general preparation in general." [Docket No. 27].

In deference to Justice Myers' ruling that Plaintiffs should apply to him first, it would be appropriate as well as efficient for this court to await a determination by the Canadian Court on Applicants' soon-to-be-filed application. The Canadian Court's decision may obviate or narrow the disputes in the motion to quash.

Therefore, Mr. Doerr's Motion to Quash [Docket No. 10] is denied without prejudice to re-filing once the Canadian Court has spoken. Mr. Doerr's Motion to Strike Pro-Sys's Improper Sur-Reply [Docket No. 25] is denied as moot. Pro-Sys Consultants and Neil Godfrey's letter brief [Docket No. 23] is also denied as moot.

**IT IS SO ORDERED.**

Dated: October 5, 2016



Donna M. Ryu
United States Magistrate Judge

2